IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER LYONS,

    Petitioner,

    v.

BRADLEY HOMPE, Warden,
Stanley Correctional Institution,

    Respondent.

ORDER

08-cv-331-slc

---

On November 30, 2008, I recommended that petitioner Christopher Lyon's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied. Objections to my report and recommendation were to be filed not later than December 15, 2008. Petitioner requested an extension of time to file his objection because he had been hospitalized. I granted petitioner an extension until January 16, 2009 to file his objection.

Now petitioner has filed a motion to compel certain documents. Although it is not completely clear, it appears that he wants the court to compel the respondent to produce documents that he had requested from the Eau Claire County Circuit Court. He has attached to his motion a copy of a December 17, 2008 letter he sent to the Clerk of the Eau Claire County Circuit Court requesting these documents and a copy of the clerk's December 26, 2008 letter denying his request. He requests information about the appointment of interpreters for him in his state court civil and criminal cases.

First, petitioner's motion to compel production of these documents is untimely. An order to show cause was issued in this case on July 21, 2008. Petitioner has had sufficient time to request these documents but did not make his request to the state court until December 17, 2008, after I issued my report and recommendation.

Second, petitioner has not shown that these documents are material to this case. The undisputed facts support the state court's conclusion that, notwithstanding petitioner's hearing impairment, he was able to hear and understand the proceedings against him. The documents petitioner requests concerning the appointment of interpreters at other times are not material to my determination that the state appellate court did not apply clearly established federal law in an unreasonable manner or make unreasonable determinations of fact in denying petitioner's claim. Therefore, I will deny his motion to compel discovery.

ORDER

IT IS ORDERED that petitioner's motion to compel discovery, dkt. # 29, is DENIED.

Entered this 15th day of January, 2009.

BY THE COURT:

STEPHEN L. CROCKER
Magistrate Judge